IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

TYRONE HOUSTON, *also known as*
*Tyrone Black*,

                  Plaintiff,

                                  Civ. Action No.
      vs.                        9:03-CV-1412 (LEK/DEP)

GLENN S. GOORD, *et al.*,

                  Defendants.

_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

TYRONE HOUSTON, *pro se*

FOR DEFENDANTS:

HON. ELIOT SPITZER          STEPHEN M. KERWIN, ESQ.
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

      Plaintiff Tyrone Houston, a former New York State prison inmate

who is proceeding *pro se* and *in forma pauperis*, has commenced this civil

rights action pursuant to 42 U.S.C. § 1983 complaining of a series of

retaliatory actions allegedly taken against him by the defendants as a result of his having engaged in protected activity, including through the filing of grievances and the commencement of prior lawsuits.  Plaintiff maintains that as a direct result of that protected activity he was subjected to a series of interprison transfers, the filing of false misbehavior reports, the imposition of unwarranted disciplinary confinement, and unfavorable program assignments.  Plaintiff also complains of the denial of outdoor exercise, asserting that defendants' actions in precluding him from participating in outdoor exercise during the time of his disciplinary special housing unit ("SHU") confinement violated his constitutional right to be free from cruel and unusual punishment.  Plaintiff's complaint seeks both equitable relief and the recovery of compensatory and punitive damages.

Currently pending before the court is a motion by the defendants seeking dismissal of plaintiff's claim for equitable relief, based upon his release from prison since the time his complaint was filed, and of his claim against the Central Office Review Committee ("CORC"), an administrative body which reviews facility-level decisions in connection with state prison inmate grievances, based upon the Eleventh Amendment.  For the reasons set forth below, I recommend that relief sought by the defendants

be granted, and additionally that the court *sua sponte* dismiss all of

plaintiff's claims to the extent they are brought against the individual

defendants in their official capacities.

I.    BACKGROUND[1]

At the times relevant to his claims plaintiff Tyrone Houston, who is

apparently also known as Tyrone Black, was a prison inmate entrusted to

the custody of the New York State Department of Correctional Services

("DOCS").  Plaintiff's claims, which are expansive in terms of both their

substantive breadth and the time period involved, involve incidents

occurring while he was confined in various facilities operated by the

DOCS including, *inter alia*, the Mid-State Correctional Facility, the

Mohawk Correctional Facility, the Marcy Correctional Facility, the Great

Meadow Correctional Facility, the Downstate Correctional Facility, the

Auburn Correctional Facility, the Five Points Correctional Facility, the

Cayuga Correctional Facility, the Elmira Correctional Facility, and the

Ogdensburg Correctional Facility.

During the period of his incarceration, plaintiff filed a series of

---

[1]    In light of the procedural posture of the case, the following facts are
taken from plaintiff's complaint, the allegations of which have been assumed to be true
for purposes of the instant motion.  *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.),
513 U.S. 816, 115 S. Ct. 73 (1994).

grievances and commenced suits against various prison workers.  Plaintiff

claims that as a direct result of that activity, he experienced recrimination,

in the form of several false misbehavior reports, leading to procedurally

flawed disciplinary hearings and ensuing unlawful disciplinary confinement

in various facility SHUs.  Plaintiff also attributes the various interprison

transfers which he experienced, including in October of 2000 to the

Mohawk Correctional Facility instead of a facility closer to his place of

residence, to retaliatory animus, in response to his grievances and

lawsuits.  Plaintiff further asserts that while in disciplinary confinement, he

was subject to a DOCS policy under which SHU inmates are ineligible for

participation in outdoor exercise.  As a result, plaintiff was unable to

participate in such activities for an aggregate period of 222 days,

extending intermittently from September of 2001 until mid-2003.

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action on November 21, 2003.  Dkt. No. 1.

Named as defendants in plaintiff's complaint are Glenn S. Goord, the

Commissioner of the DOCS, as well as twenty-one individual DOCS

employees and the CORC, which is sued as an entity.  Generously

construed, it appears that plaintiff's complaint alleges three basic claims,

4

including 1) unlawful retaliation for having engaged in protected activity; 2) cruel and unusual punishment, based principally upon the deprivation of exercise while in SHU and/or keeplock confinement; and 3) violation of his procedural due process rights.

On September 30, 2005, all of the named defendants, with one exception, simultaneously filed both an answer to plaintiff's complaint and a motion seeking dismissal of portions of plaintiff's claims.[2] Dkt. Nos. 58, 59.  In their motion, defendants urge dismissal of plaintiff's claims against the CORC on Eleventh Amendment grounds, and of plaintiff's request for equitable relief, based upon his release from prison.  Plaintiff has not responded to defendants' motion, which is now ripe for determination and has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

   A.   Legal Significance of Plaintiff's Failure to Oppose Motion

_____Before turning to the merits of defendants' motion, I must further

---

[2]      Defendants' answer and motion were filed on behalf of all defendants except Dana C. Smith, who at the time had not yet been served.  An acknowledgment of service form, executed by defendant Smith on November 22, 2005, has since been received by the court and filed.  *See* Dkt. No. 62.

address the plaintiff's failure to respond to that motion and determine
what, if any, consequences should result from that failure.  While
defendants have sought dismissal of plaintiff's claims on multiple grounds,
plaintiff has not provided the court with the benefit of any argument as to
why that motion should not be granted.  Although Houston has filed no
opposition to defendants' motion to dismiss, I am not precluded from
recommending disposition of their motion without the benefit of his
submission.  *See*, *e.g.*, *White v. Mitchell*, No. 99-CV-8519, 2001 WL
64756, at *1 (E.D.N.Y. Jan. 18, 2001).

Motions for judgment on the pleadings test only the legal sufficiency
of the complaint and answer; accordingly, while a party should be given
reasonable opportunity to respond to such a motion the court can
determine the complaint's sufficiency as a matter of law based on its own
reading of the pleadings and knowledge of the relevant case law.  *McCall
v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).  Moreover, while under this
court's local rules a party's failure to respond to a properly filed motion can
constitute consent to granting of that motion, the court must first make a
threshold finding that the moving party has met its burden demonstrating
entitlement to the relief requested.  N.D.N.Y.L.R. 7.1(b)(3); *see also*

*McCall*, 232 F.3d at 322-23 (holding that plaintiff's failure to respond to motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint stated a claim for relief); *White*, 2001 WL 64756, at n.2 (citing *McCall*).

I note that there are indications in the record suggesting plaintiff's disinterest in pursuing his claims in this action.  Plaintiff's failure, for more than a year, to arrange for service of the summons and complaint upon the defendants named in this action led to the issuance on March 22, 2005 by me of an order directing him to show cause why a recommendation for dismissal of his action for failure to prosecute should not result.[3]  Dkt. No. 13.  Plaintiff has once again failed to communicate with the court in response to defendants' most recent motion.[4]  While I do not consider this failure as fatal to the instant motion or to plaintiff's complaint altogether, he should be advised that any further manifestations of disinterest in the vigorous pursuit of his claims in the action will result in

---

[3]     Although such an affidavit was never filed, plaintiff was permitted to proceed with the litigation in light of his subsequent efforts to obtain jurisdiction over the many defendants named in his complaint.

[4]     It may be that plaintiff's failure to submit any opposition to defendants' motion is attributable to his acknowledgment that they are entitled to the relief sought in their motion.  This court's local rules, however, require that in such a case the non-moving party advise the court of the lack of opposition.  *See* N.D.N.Y.L.R. 7.1(b)(3).

my recommending to the assigned district judge that his complaint be dismissed for failure to prosecute.

B.    Standard of Review

Defendants' motion is styled as presented under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  Simultaneously with submission of that motion, however, the moving defendants also submitted an answer which included within it, as defenses, the grounds now raised in their motion.  *See* Answer (Dkt. No. 58) ¶¶ 9, 12, 17.  As such, although perhaps making a distinction without a difference, I will treat defendants' motion as seeking judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, dismissing the challenged portions of plaintiff's complaint.[5]  *See Barquin v. Roman Catholic Diocese of Burlington, Vermont, Inc.*, 839 F.Supp. 275, 278 n.1

---

[5]    Rule 12(c) provides that

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).

(D. Vt. 1993) (citations omitted).

When analyzing a Rule 12(c) motion, I must apply the same standard as that applicable to a motion under Rule 12(b)(6).  *See, e.g.*, *Sheppard*, 18 F.3d at 150; *Wynn v. Uhler*, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.).  Accordingly, I must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff as the non-moving party; when viewed in that light, the court may not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Sheppard*, 18 F.3d at 150 (citing *Conley*); *Wynn*, 941 F. Supp. at 29 (same).  This standard is "applied with particular strictness when the plaintiff complains of a civil rights violation."  *Sheppard*, 18 F.3d at 150 (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).[6]

C.   Equitable Relief

---

[6]      The portion of defendants' motion challenging this court's jurisdiction must be decided against the backdrop of well-established caselaw recognizing that in the event of a challenge by the opposing party, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting jurisdiction.  *Myles v. U.S.*, 810 F.Supp. 390, 393 (N.D.N.Y. 1992) (Hurd, J.) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 675 (1942)).  The Eleventh Amendment defense to a claim against a state or one of its agencies implicates federal jurisdiction.  *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, 120 S. Ct. 631, 640 (2000).

Among the remedies sought by the plaintiff in his complaint is equitable relief.  Although the relevant portion of plaintiff's complaint is difficult to understand, it appears that the form of equitable relief now sought is expungement of his prison record regarding various disciplinary determinations, as well as a directive to the New York State Parole Board that he not be held in custody for an additional two years.  *See* Complaint (Dkt. No. 1) "wherefore" clause ¶ 3.  By all accounts, however, plaintiff is no longer an inmate within the custody of the DOCS, having been released on parole on or about February 19, 2004.[7]

Since a thorough review of plaintiff's  complaint fails to reveal the existence of a justicible controversy with regard to plaintiff's demand for equitable relief, I recommend that his request for such recourse be dismissed as moot.  *Cf. Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir.), *cert. denied*, 492 U.S. 909, 109 S. Ct. 3224 (1989) (transfer from a prison facility moots action for injunctive relief against transferring facility).

D.    Eleventh Amendment

---

[7]    In his notice to the court of a change of address, dated February 5, 2004, plaintiff advised that he would be released on parole on February 19, 2004.  *See* Dkt. No. 10, at 2.  Plaintiff's release on parole on or about that date has been confirmed through review of publicly available information on the DOCS inmate locator service.  See www.docs.state.ny.us.  It appears, however, that plaintiff may now be incarcerated within the New York City Corrections System.

Plaintiff's complaint asserts claims against DOCS Commissioner Goord and several DOCS employees, both individually and in their official capacities as employees of that agency.  Also named as a defendant in plaintiff's complaint is the CORC, which is described by Houston as "a domestic municipal corporation organized and existing under the laws of the State of New York."  Complaint (Dkt. No. 1) ¶ 6.  While not challenging plaintiff's  claims against them for damages in their official capacities, defendants do seek dismissal of plaintiff's claims against the CORC based upon the immunity afforded by the Eleventh Amendment.

The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought.  *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58 (1978).  This absolute immunity which states enjoy under the Eleventh Amendment extends to both state agencies and state officials sued in their official capacities, when the essence of the claim involved is one against a state as the real party in interest.[8]   *Richards v. State of New*

---

[8]      This portion of defendants' motion implicates, in a broader sense, the sovereign immunity enjoyed by the State.  As the Supreme Court has recently reaffirmed, the sovereign immunity enjoyed by the states is deeply rooted, having been recognized in this country even prior to ratification of the Constitution, and is neither dependent upon nor defined by the Eleventh Amendment.  *Northern Ins. Co. of New York v. Chatham County, Ga.*, ___ U.S. ___, 126 S. Ct. 1689, 1693 (2006).

11

*York Appellate Division, Second Department*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing *Pugh* and *Cory v. White*, 457 U.S. 85, 89-91 102 S. Ct. 2325, 2328-2329 (1982)).  "To the extent that a state official is sued for damages in his official capacity . . . the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."[9]  *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361 (1991); *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 3105 (1985).

The CORC was established as an integral part of the three tiered formal grievance procedure established for New York State prison inmates under N.Y. Correctional Law § 139 and 7 N.Y.C.R.R. Part 701 ("inmate grievance program" or "IGP").  Under the IGP, a prison inmate who is dissatisfied with the disposition of his or her grievance at the facility level may seek review of that determination from the CORC in Albany, New York.  7 N.Y.C.R.R. § 701.7(c).  Since the CORC is clearly an agency of the State, and plaintiff's section 1983 claims against the CORC are thus in reality claims against the State of New York, they typify those against which the Eleventh Amendment protects, and are therefore

---

[9]   By contrast, the Eleventh Amendment does not establish a barrier against suits seeking to impose individual or personal liability on state officials under section 1983.  *See Hafer*, 502 U.S. at 30-31, 112 S. Ct. at 364-65.

12

subject to dismissal.  *Daisernia v. State of New York,* 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984) (McCurn, J.).  Accordingly, I recommend that this portion of defendants' motion be granted as well.

As was noted above, in addition to claiming damages against the CORC plaintiff's complaint also asserts claims against the individual named defendants in their official capacities.  Liberally construed, plaintiff's complaint could be interpreted as asserting damage claims against those DOCS employees in their official capacities.  As noted above, to the extent that this is true, such claims are also plainly barred by the Eleventh Amendment.  *Hafer*, 502 U.S. at 25, 112 S. Ct. at 361; *Graham*, 473 U.S. at 166-67, 105 S. Ct. at 3105.  Accordingly, although defendants have not specifically requested this relief, I recommend that the court *sua sponte* direct dismissal of plaintiff's damage claims against the various individual defendants to the extent they are named in their official capacities.[10]

IV.   SUMMARY AND RECOMMENDATION

Subsequent to the commencement of this action, plaintiff was

---

[10]     Although plaintiff was not on notice of the possibility that this relief could be granted, and thus has not offered any arguments against it, he will have the opportunity to do so when registering objections to this report and recommendation.

released from the custody of the DOCS.  Based upon that release, I recommend that the portion of defendants' motion seeking dismissal of plaintiff's claims for equitable relief be granted.

Among the many claims asserted by the plaintiff in his complaint in this action are those against the CORC, an entity affiliated with and operating under the auspices of the New York State Department of Correctional Services.  As a state affiliated agency, that agency is entitled to the immunity afforded to the various states under the Eleventh Amendment, and plaintiff's claims against it are thus subject to dismissal for lack of jurisdiction.  Additionally, the individual defendants, as state employees, are similarly entitled to the benefits of such immunity to the extent they are sued in their official capacities.  Accordingly, I recommend that plaintiff's remaining claims against the various defendants in their official capacities be dismissed based upon the Eleventh Amendment, since they implicate only the recovery of monetary relief.

Based upon the foregoing it is hereby

RECOMMENDED that defendants' motion for judgment on the pleadings be GRANTED, and that plaintiff's claims for equitable relief, and claims against the CORC and all of the individual defendants in their

14

official capacities be DISMISSED.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated:        August 28, 2006
              Syracuse, NY

G:\prisoner\houston.wpd

David E. Peebles
U.S. Magistrate Judge

15