UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TYRONE HOUSTON, *a.k.a.*
TYRONE BLACK,

        Plaintiff,

  -against-                              9:03-CV-1412
                                                   (LEK/DEP)

GLENN GOORD, Individually and
as Commissioner of NYS DOCS, *et al.*,

        Defendants.

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on August 28, 2006, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 67). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Houston, which were filed on September 13, 2006. Objections (Dkt. No. 68).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.[1]

---

[1] The Court notes that the Report-Recommendation provides, on page 12, a direct quotation and citation to two cases. See Report-Rec. (Dkt. No. 67) at 12 (citing Hafer v. Melo, 502 U.S. 21,

1

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 67) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion for judgment on the pleadings (Dkt. No. 59) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's claims for equitable relief, and claims against the CORC and all of the individual Defendants in their official capacities are **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     September 29, 2006
           Albany, New York

_(signature)_
Lawrence E. Kahn
U.S. District Judge

---

25 (1991); Kentucky v. Graham, 473 U.S. 159, 166-67 (1985)). However, although the cited cases support the quoted language, the exact quoted language does not appear in either cited case. The language does appear in, among others, the case of Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) (citing Hafer and Graham) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.").