UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRONE HOUSTON,
                          Plaintiff,

                                                           9:03-CV-1412
v.                                                         (GTS/DEP)

GLENN S. GOORD, *et al.*,
                          Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

TYRONE HOUSTON
  Plaintiff, *Pro Se*
1677 Prospect Place, 1st Floor
Brooklyn, NY 11233

HON. ANDREW M. CUOMO                     STEPHEN M. KERWIN, ESQ.
  Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY  12224

HON. GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

Currently before the Court in this *pro se* prisoner civil rights action are Defendants' motion for summary judgment (Dkt. No. 80), and United States Magistrate Judge David E. Peebles's Report-Recommendation recommending that Defendants' motion be granted and Plaintiff's Complaint be dismissed in its entirety (Dkt. No. 85). Plaintiff has timely filed Objections to the Report-Recommendation. (Dkt. No. 86.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Defendants' motion is granted and Plaintiff's Complaint is dismissed.

1

**I.     RELEVANT BACKGROUND**

On November 21, 2003, Plaintiff filed this action against twenty-two (22) individuals currently and/or formerly employed by the New York State Department of Correctional Services, at various correctional facilities.  Generally, in his Complaint, Plaintiff alleges that his rights under the First and Eighth Amendments were violated when (1) certain Defendants had him transferred in retaliation for grievances that he had filed, (2) certain Defendants issued false misbehavior reports against him in retaliation for grievances that he had filed, and (3) certain Defendants deprived him of the opportunity to engage in outdoor exercise on two separate occasions.  (*See generally* Dkt. No. 1.)[1]

On September 29, 2006, District Judge Lawrence E. Kahn issued a Memorandum Decision and Order dismissing (1) Plaintiff's claims for equitable relief due to Plaintiff's release from incarceration, which mooted this claim, and (2) Plaintiff's claims against the CORC and all of the individual defendants in their official capacities on Eleventh Amendment grounds.  (Dkt. No. 69.)

On January 4, 2008, Defendants filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims against them.   (Dkt. No. 80.)  Generally, Defendants' motion is premised on the following three grounds: (1) certain of Plaintiff's claims are procedurally barred based upon his failure to exhaust available administrative remedies with regard to those claims (2) no reasonable factfinder could conclude that the issuance of misbehavior reports or the transfer to different facilities were *caused* by Plaintiff's filing of grievances; and (3) no

---

[1] On September 30, 2005, all of the Defendants except one filed their Answer to Plaintiff's Complaint. (Dkt. No. 58.)  On November 28, 2005, Defendant Smith filed her answer to the Complaint. (Dkt. No. 59.)

reasonable factfinder could conclude that Plaintiff was subjected to cruel and unusual punishment based on being denied certain exercise opportunities. (*Id.*) On February 1, 2008, Plaintiff filed a response in opposition to Defendants' motion. (Dkt. No. 82.).

On March 11, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendants' motion be granted, because (1) certain of Plaintiff's claims were not properly exhausted, and (2) no reasonable factfinder could rule in Plaintiff's favor on any of his claims. (Dkt. No. 85.) Familiarity with the grounds of the Report-Recommendation is assumed in this Decision and Order. On March 20, 2009, Plaintiff filed his Objections to the Report-Recommendation. (Dkt. No. 86.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review on Objection from Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*,

---

[2] On de novo review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir.1999).[3]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      **B.**      **Standard Governing Motion for Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the moving party has met this initial responsibility, the nonmoving party must come

---

[3]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895, 117 S. Ct. 240, 136 L.Ed.2d 169 (1996).

forward with "specific facts showing a genuine issue [of material fact] for trial."  Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248.  As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted].  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id*. [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[4]  (This is because the Court extends special solicitude to

---

[4]     *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[5]  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[6]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by

---

[5]  *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006) (McAvoy, J.) ("When dealing with a *pro se* party, certain procedural rules apply so as to insure that the *pro se* litigant in not disadvantaged by the lack of legal training.  In this regard, the Local Rules require that [a *pro se* party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted]; *see also* Jessica Case, "*Pro Se* Litigants at the Summary Judgment Stage: Is Ignorance of the Law an Excuse?" 90 Ky. L.J. 701, 704, n.24 (Spring 2001) ("The Second, Fourth, Seventh, Tenth, Eleventh, and D.C. Circuit Courts of Appeals mandate that notice of summary judgment requirements be given to *pro se* litigants. . . .  The Ninth Circuit requires notice of summary judgment requirements for *pro se* prisoner litigants only.") [citations omitted].

[6]  *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . .  This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*]

deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement[7]–even where the nonmoving party was proceeding *pro se* in a civil rights case.[8]

## III.   ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles's Report-Recommendation and Plaintiff's Objections thereto, the Court rejects each of Plaintiff's Objections, and agrees with each of the conclusions stated in the Report-Recommendation.  (*See* Dkt. Nos 85, 86.)  Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  (*See* Dkt.

---

party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[7]   Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[8]   *See*, *e.g.*, *Hassig v. N.Y.S. Dep't of Environmental Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito,* 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455*,* 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1, n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc*., 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

No. 86.)

In particular, Magistrate Judge Peebles correctly determined that Plaintiff failed to exhaust some of his claims, as required by the Prison Litigation Reform Act, in that he failed to file grievances, and/or pursue these claims to completion, before bringing the claims to federal court.[9]  Magistrate Judge Peebles also correctly determined that the only evidence that the misbehavior reports filed against Plaintiff were retaliatory is the fact that they were filed in close proximity to Plaintiff's grievances.  However, this inference alone is not enough for Plaintiff to defeat summary judgment, in light of the fact that (1) he was found guilty of at least some of the charges lodged in seven of the nine misbehavior reports with which he takes issue, (2) these reports were issued by nine different corrections officers in four different prisons, and (3) all but one of the officers submitted an affidavit expressly denying retaliatory motivation.[10]  In addition, regarding Plaintiff's claim that his numerous transfers to various prison facilities was done in retaliation for filing grievances, as Magistrate Judge Peebles explained, (1) Plaintiff has offered no evidence that he was transferred in retaliation for filing grievances, and (2) Plaintiff has a history of claiming retaliation for numerous adverse actions taken against him.  As a result, these retaliation claims are dismissed.

Furthermore, as explained in Magistrate Judge Peebles' Report-Recommendation,

---

[9]  The Court notes that a detailed recitation of the claims and Plaintiff's procedural errors are provided in Magistrate Judge Peebles's Report-Recommendation.  (Dkt. No. 85, at 8-14.)  Accordingly, the Court will not repeat this thorough analysis.

[10]  *See Williams v. Goord*, 111 F. Supp.2d 280, 290 (S.D.N.Y. 2000) ("Although the temporal proximity of the filing of the grievance and the issuance of the misbehavior report is circumstantial evidence of retaliation, such evidence, without more, is insufficient to survive summary judgment.") (citing *Ayers v. Stewart*, No. 96-2013, 1996 WL 346049, at *1 [2d Cir.1999]).

Plaintiff's Eighth Amendment claims are without merit because (1) the harm that he allegedly suffered as a result of being denied the opportunity to exercise outdoors for less than two weeks is *de minimis*, and (2) being forced to exercise in an area that is eight-feet-five inches by six-feet-nine inches in size, while confined in a SHU facility, is not a constitutional violation. *See, e.g., Cody v. Jones*, 895 F. Supp. 431, 441 (N.D.N.Y. 1995) (McCurn, J.) (applying *Sandin* and concluding that no liberty interest was triggered through the failure of the prison to regularly accord plaintiff one hour of daily outdoor exercise for a period of several months); *Anderson v. Coughlin*, 757 F.2d 33, 34-35 (2d Cir. 1985) ("[T]hough courts have played a helpful role in assisting prisoners and prison officials to negotiate mutually acceptable terms for the provision of exercise opportunities, as has occurred in this case, they have not found in the Eighth Amendment a broad license to require prison officials to meet all of the recreational standards that have been recommended by penologists.").[11]

In his Objections to the Report-Recommendation, Plaintiff argues, *inter alia*, that his failures to fully exhaust his available administrative remedies with regard to certain of his claims was due to his being transferred to different facilities shortly after filing grievances, and that his efforts to inform Defendant Goord and Wardens of this issue "are sufficient to invoke the limited exceptions to the grievance requirement." (Dkt. No. 86.)  In addition, Plaintiff appears to argue that the Report-Recommendation should not be adopted because of its failure to appreciate that the "personal involvement on [the] part of all Defendants [regarding his retaliation claims]" constitutes sufficient evidence of a conflict, thereby warranting denial of summary judgment.

---

[11] *See also Sostre v. McGinnis*, 442 F.2d 178, 187-92 (2d Cir. 1971), *rev'd on other grounds*, *Sostre v. Oswald*, 404 U.S. 1049 (1972).

(Dkt. No. 86.)[12]

With regard to Plaintiff's exhaustion claim, as an initial matter, the Court is not persuaded by Plaintiff's argument that his letters to Defendants Goord and Wardens created an exception to the exhaustion requirement.[13] This is because (1) administrative remedies were available to Plaintiff, who is extremely experienced in the inmate litigation process,[14] (2) Defendants have not waived the exhaustion defense, and (3) special circumstances do not exist which would excuse Plaintiff from complying with the procedural requirements.[15] However,

---

[12] In addition, in his Objections to the Report-Recommendation, Plaintiff appears to argue, for the first time, that the Court lacks jurisdiction over his claims. The Court rejects this argument for a number of reasons, including the fact that (1) such a jurisdictional challenge is not timely, and (2) such a jurisdictional challenge flies in the face of Plaintiff's Complaint, which alleged that the Court had "jurisdiction over each of Plaintiff's claims."

[13] "Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases." *Chaney v. Koupash*, 04-CV-0136, 2008 WL 5423419, at *7 (N.D.N.Y. Dec. 30, 2008) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002) [other citation omitted].). "While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that 'certain caveats apply.'" *Chaney*, 2008 WL 5423419, at *7 (citations omitted). "Exhaustion is generally achieved through the [Inmate Grievance Program]." *Id.* (citation omitted). "However, when inmates fail to follow the IGP, a court must conduct a three-part inquiry to determine if such failure is fatal to their claims." *Id.* "A court must consider whether (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Id.* (citations omitted).

[14] "Administrative remedies are unavailable when there is no possibility of relief for the action complained of." *Chaney*, 2008 WL 5423419, at *7 (citations and internal quotations omitted). "The test to determine the availability of an administrative remedy is an objective one asking whether 'a similarly situated individual of ordinary firmness' would have deemed it accessible." *Id.* (citation omitted). "Courts have found unavailability where plaintiff is unaware of the grievance procedures or did not understand it or where defendants' behavior prevents plaintiff from seeking administrative remedies." *Id.* (citations and internal quotations omitted).

[15] *See, e.g., Carini v. Austin*, 06-CV-5652, 2008 WL 151555, at *4 (S.D.N.Y. Jan. 14, 2008) (noting that an inmate must point to "an affirmative act by prison officials that would

even if the Court were persuaded that Plaintiff's letters created an exception to the exhaustion requirement, such a finding would not help Plaintiff withstand summary judgment on the claims at issue. This is because, while Magistrate Judge Peebles found that some of Plaintiff's retaliatory transfer claims were unexhausted, Magistrate Judge Peebles also found that all of Plaintiff's retaliatory transfer claims were unsupported by sufficient record evidence from which a reasonable factfinder could conclude that the transfers were caused by Plaintiff's filing of grievances (as opposed to being caused by legitimate, penological considerations).

Finally, with regard to Plaintiff's claim that a "conflict" existed (or exists) in this case, the Court rejects that argument. Plaintiff has not offered any evidence of such a conflict. The fact that District Judge Gary L. Sharpe issued a ruling in *Houston v. Leclaire*, 01-CV-0067, Decision and Order (N.D.N.Y. filed July 22, 2004) (Sharpe, J.) (denying, in part, defendants' motion for summary judgment requesting dismissal of Plaintiff's retaliation claim arising from the filing of false misbehavior reports against him, and the destruction of his legal materials, in 1999) in no way collaterally estops or otherwise precludes the Court from dismissing Plaintiff's claims in this current action due to a lack of supporting record evidence.[16] As a result, and for

---

have prevented him from pursuing administrative remedies, . . . [because] his transfer to another facility is not a 'special circumstance' that excuses his failure to exhaust").

[16]    To the extent that Plaintiff argues that there existed a conflict of interest resulting from his disciplinary hearing officers knowing each other, or knowing the correctional officers having charged Plaintiff with disciplinary charges, it is true that "[p]risoners have a constitutional right to have a fair and impartial hearing officer preside over their disciplinary hearings." *Chaney*, 2008 WL 5423419 at *7 (citing *Sira v. Morton*, 380 F.3d 57, 69 [2d Cir. 2004]). "However, the degree of impartiality required of prison officials does not rise to the level of that required of judges as it is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts." *Id*. (citations and internal quotations omitted). "While the Supreme Court held 'that the requirements of due process are satisfied if some evidence supports the decision by the [hearing officer] . . . ,' the

the reasons stated by Magistrate Judge Peebles in his Report-Recommendation, Plaintiff's retaliation claims with regard to the misbehavior reports are dismissed.

For all of these reasons, the Court grants Defendants' motion for summary judgment.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles's Report-Recommendation (Dkt. No. 85) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 80) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: March 31, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

Second Circuit has held that the test is whether there was 'reliable evidence' of the inmate's guilt." *Id.* (citations omitted).